**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson | Date:  March 25, 2016 |
| Court Reporter:  Tammy Hoffschildt | Interpreter:  n/a |
| Probation Officer:  Nicole Peterson | |

**CASE NO.   15-cr-00370-RM-1**

Parties                                                                                                  Counsel

UNITED STATES OF AMERICA,                                                        Daniel Burrows

      Plaintiff,

v.

**1.  NATHEN MEDLOCK,**                                                                    Richard Banta

      Defendant.

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:        9:00 a.m.**
Appearances of counsel.   Defendant is present and in custody.   Present with Defendant's counsel is Kurt Thoene.

Defendant entered his plea on January 15, 2016, to Counts 1 and 2 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

Discussion held and argument given regarding pending motions and objections.

**ORDERED:**   Government's Motion for Guideline Adjustment (Doc. 81) is GRANTED as stated on the record.

**ORDERED:**   Defendant's Motion for a Variant/Non-Guideline Sentence (Doc. 76) is DENIED as stated on the record.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's grandfather, Clyde Medlock, addresses the Court.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding Defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, NATHEN MEDLOCK, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **41 months.**

Credit for days spent in presentence custody shall be calculated by the Bureau of Prisons.

Court RECOMMENDS that the Bureau of Prisons place the defendant at an appropriate level facility within the District of Colorado, that he participate in and complete a residential or non-residential drug treatment program while incarcerated, depending upon his qualification, and that he complete no less than three (3) college-level education courses.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years.**

**ORDERED: Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED: Special Conditions** of Supervised Release that:
- (**X**) Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation

     officer until such time as defendant is released from the program by the probation officer.   Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.   Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.

(**X**)   Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

(**X**)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

(**X**)   As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

(**X**)   Defendant shall document all income and compensation generated or received from any source and shall provide such information to the probation officer as requested.

(**X**)   Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist.   Defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

(**X**)   Defendant shall complete 100 hours of community service as directed by the probation officer.

**ORDERED:** Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because the defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** in the amount of $2,303.00, jointly and severally with co-defendant, Salvador Ponce.   Defendant shall make further restitution in the amount of $2,560.00, which is his sole responsibility.   Total restitution is $4,863.00, to be paid to US Bank, 10520 Melody Drive, Northglenn, CO 80234.

**ORDERED:** $3,963.00 shall be forfeited to the United States, consistent with the plea agreement that has been entered into in this case.

**ORDERED:**  Interest is WAIVED, because the defendant does not have the ability to pay interest.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**     **10:12 a.m.**
Hearing concluded.
Total time:            1:12